## United States District Court
### District of Massachusetts

—————————————————————————————————
                                            )
American Fleet Services, Inc.,              )
         Plaintiff,                         )
                                            )
         v.                                 )      Civil Action No.
                                            )      99-12450-NMG
Budget Rent-A-Car Systems,                  )
         Defendant.                         )
—————————————————————————————————           )


### MEMORANDUM & ORDER

**GORTON, J.**

Pending before the Court is plaintiff's motion requesting recusal of the presiding judge from the instant action pursuant to 18 U.S.C. § 455 on the basis of his alleged "bias, prejudice and partiality against Plaintiff and in the interest of justice."

## I.   Background

In November, 1999, plaintiff American Fleet Services, Inc. ("American Fleet") brought suit against defendant Budget Rent-A-Car Systems, Inc. ("Budget") for, *inter alia*, breach of contract. Judge Morris Lasker of this Court issued a Procedural Order of Dismissal in 2003 in response to the filing of a suggestion of bankruptcy.  Upon plaintiff's filing of a motion to reopen the case in June, 2010, the case was reassigned to this session due to Judge Lasker's intervening death.

On December 16, 2010, plaintiff moved for the presiding judge to recuse himself due to alleged bias and prejudice against

Francis J. Sampson ("Sampson"), plaintiff's President and sole stockholder. Sampson was a defendant in a previous case in this session, <u>Sun Life Assurance Co. of Canada</u> v. <u>Sampson</u>, 06-cv-11511-NMG.

Plaintiff alleges that because 1) the result of <u>Sun Life</u> was adverse to Sampson and 2) the presiding judge exhibited "a significant degree of prejudice" toward Sampson, including expressions of "disdain" and references to Sampson's conduct as "dilatory" and "obstructive", Sampson "was denied his day in court in that matter." Plaintiff maintains that:

> Notwithstanding the Appeal Court's subsequent affirmation of the method by which Judge Gorton resolved the Sunlife case, the method by which Judge Gorton resolved the Sunlife case is not justified under the law.

Plaintiff further contends that <u>Sun Life</u> and the instant case are similar and that the presiding judge "will view this case with the same disdain", thereby warranting recusal.

## II. <u>Analysis</u>

### A. Legal Standard

The decision whether to allow or deny a motion for recusal is within the Court's discretion. <u>United States</u> v. <u>Giorgi</u>, 840 F.2d 1022, 1034 (1st Cir. 1988). Pursuant to 28 U.S.C. § 455, a judge:

> shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned...[or] where he has a personal bias or prejudice concerning a party.

<u>See also</u> <u>United States</u> v. <u>Kelley</u>, 712 F.2d 884, 889 (1st Cir.

1983).  The source of the alleged prejudice or bias must be "personal" (i.e. directed against a particular party) and "extrajudicial" (i.e. not based upon facts acquired by a judge while acting in his judicial capacity).  Id.  "Facts learned by a judge while acting in his judicial capacity" are not a proper basis for disqualification due to personal bias.  Id.

The test for partiality is whether the facts that form the basis for the charge of lack of impartiality would create a reasonable doubt in the mind of the reasonable man.  United States v. Cowden, 545 F.2d 257, 265 (1st Cir. 1976).  "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Liteky v. United States, 510 U.S. 540, 555 (1994).  Indeed,

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

Id.  Moreover, a judge's "prior adverse ruling against a party does not create a reasonable doubt about the judge's impartiality so as to require recusal at a subsequent proceeding involving the same party."  Kelley, 712 F.2d at 890 (original emphasis).

**B.  Application**

Plaintiff fails to allege facts sufficient to establish impartiality or prejudice on the part of the presiding judge. First, plaintiff does not and cannot allege that the source of

-3-

the alleged prejudice or bias is both "personal" and "extrajudicial". See Kelley, 712 F.2d at 889. The only bias alleged here is related to Sampson's role in a previous court proceeding.

Second, the impartiality alleged by the plaintiff is based on the presiding judge's prior adverse ruling against Sampson, who is not even a party in this case. Even if Sampson were a party, a judge's prior adverse ruling "does not create a reasonable doubt about the judge's impartiality." Kelley, 712 F.2d at 890. Moreover, plaintiff's bare assertions that the presiding judge is biased against plaintiff due to his prior adverse ruling against Sampson is unsupported by facts.

Furthermore, plaintiff filed his motion to reopen the case in June, 2010, and was notified shortly thereafter that the case had been reassigned to this session. Yet, the plaintiff waited six months (in fact, until after the Memorandum & Order related to that motion had been drafted but not signed) to file its motion to recuse. That motion is, therefore, among other things, untimely.

In summary, plaintiff has alleged no more than discontent on the part of Sampson due to the adverse outcome in Sun Life. Such allegations and statements are insufficient to warrant recusal of the presiding judge in this case.

**ORDER**

In accordance with the foregoing, plaintiff's motion for recusal (Docket No. 45) is **DENIED.**

**So ordered.**

 /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 20, 2010