United States District Court
District of Massachusetts

_____
American Fleet Services, Inc.,    )
    Plaintiff,                    )
                                  )
    v.                            )     Civil Action No.
                                  )     99-12450-NMG
Budget Rent-A-Car Systems,        )
    Defendant.                    )
_____)

**MEMORANDUM & ORDER**

**GORTON, J.**

Before the Court is plaintiff's motion to reopen this case after it was procedurally dismissed in 2003 due to defendant's filing for bankruptcy.

**I.  Background**

In November, 1999, plaintiff American Fleet Services, Inc. ("American Fleet") brought suit against defendant Budget Rent-A-Car Systems, Inc. ("Budget") for tortious interference with contractual relations, breach of contract and promissory estoppel arising out of repair services that the plaintiff performed on trucks owned by the defendant.  The plaintiff subsequently amended its Complaint to allege unfair and deceptive business practices in violation of Mass. Gen. Laws ch. 93A.

In August, 2002, Budget filed a Suggestion of Bankruptcy and this case was stayed.  The plaintiff filed a Proof of Claim in the bankruptcy matter in April, 2003.  In the meantime, in

January, 2003, Judge Morris Lasker of this Court issued a Procedural Order of Dismissal stating:

> In order to avoid the necessity of counsel to appear at periodic status conferences, it is hereby Ordered that the above entitled action be and hereby is dismissed without prejudice to either party moving to restore it to the docket if any further action is required upon completion or termination of all bankruptcy or arbitration proceedings.

During the bankruptcy proceeding and before this case was closed, the defendant entered into an Asset and Stock Purchase Agreement ("the Agreement") with Cendent Corporation ("Cendent") and its subsidiary Cherokee Acquisition Group ("Cherokee"), under which Cherokee assumed responsibility for certain liabilities, including the claims asserted by the plaintiff here. Cherokee then changed its name to Budget Rent-a-Car System, Inc., distinguishing it from the originally-named defendant by dropping the "s" from "Systems".

In June, 2010, more than seven years after it was closed, the plaintiff moved to reopen this case. It contends that it failed to do so because it was not given notice of either Cherokee's assumption of responsibility for the plaintiff's claims or the termination of Budget's bankruptcy. Defendant maintains, to the contrary, that plaintiff received notice of the bankruptcy's conclusion in 2005 and, in any event, knew of the termination for at least one year prior to moving to reopen this case. The defendant protests that reopening the case nearly five years after the bankruptcy was closed would cause it extreme

hardship because the case involves matters that occurred over 14 years ago.

## II. Analysis

### A. Legal Standard

The Court may use an administrative closing to remove a case from its active files without making a final adjudication where a case "is likely to remain moribund for an appreciable period of time," such as pending the lift of an automatic stay due to bankruptcy. Lehman v. Revolution Portfolio LLC, 166 F.3d 389, 392 & n.3 (1st Cir. 1999). The Court or either party may restore the action "upon an appropriate application." Id. Such a closing may, but is not required to, have a timetable under which it either automatically expires or matures into a final judgment. Id. at 392 n.4.

A litigant, however, "is charged with the responsibility to follow the progress of the litigation." MCA, Inc. v. Wilson, 425 F. Supp. 457, 459 (S.D.N.Y. 1977) (citing Nichols-Morris Corp. v. Morris, 279 F.2d 81 (2d Cir. 1960)). That includes an obligation "to diligently monitor" the docket for orders and judgments entered. Hudson v. Dipaolo, 179 F. App'x 705, 706 (1st Cir. 2006) (per curiam) (affirming denial of motion for leave to file late notice of appeal because appellant failed to fulfill that duty); Witty v. Dukakis, 3 F.3d 517, 520-21 (1st Cir. 1993) (rejecting appellants' "professed lack of awareness" of deadline

because they would have known had they "exercised even a modicum of diligence"). Indeed, the "I didn't receive notice" defense does not work in federal court. In re Mayhew, 223 B.R. 849, 856 (D.R.I. 1998) (discussing lack of notice in context of excusable neglect).

**B. Application**

Perhaps on purpose, the plaintiff is ambiguous regarding when exactly it received notice of the subject assignment, claiming it was unaware of the status of its claims

> until many months/years after responsibility for those claims had been assumed by Cherokee, and Budget's Bankruptcy had closed.

Plaintiff admits that even after it determined the bankruptcy had concluded, "it took over a year to determine what had happened" to its claims. An affidavit of plaintiff's President states, however, that "it took several years...to identify what exactly had happened" to the plaintiff's claims. The defendant asserts that the plaintiff, in fact, had actual notice of the bankruptcy's termination at about that time but fails to provide proof of that assertion.

Nonetheless, it is undisputed that plaintiff knew for at least one year prior to the filing of the instant motion (i.e. since approximately June, 2009) that the bankruptcy had been closed. Moreover, since 2003, when the plaintiff filed its Proof of Claim in the bankruptcy matter and this case was dismissed

upon specific conditions, it had a duty diligently to monitor the bankruptcy proceeding. See Hudson, 179 F. App'x at 706. Had the plaintiff "exercised even a modicum of diligence," it would have known that the bankruptcy proceeding concluded in 2005 (and probably also that its claims had been transferred to Cherokee in 2002). See Witty, 3 F.3d at 520-21.

If plaintiff's motion had been filed shortly after the bankruptcy proceeding was terminated, it would be more persuasive. Although the Order did not include a specific time frame, "upon completion or termination of all bankruptcy or arbitration proceedings" implies a reasonable period of time. Plaintiff's unexplained and inexcusable delay of more than four years since it purportedly knew or should have known of the bankruptcy's termination undermines its argument that the case should be reopened at this juncture. The Court will, therefore, deny the plaintiff's motion to reopen the case.

**ORDER**

In accordance with the foregoing, Plaintiff's Motion to Reopen the Case (Docket No. 35) is **DENIED**.

**So ordered.**

                                                  /s/ Nathaniel M. Gorton
                                                  Nathaniel M. Gorton
                                                  United States District Judge

Dated December 20, 2010